UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 10-60994-CIV-MORENO

LADY OF AMERICA FRANCHISE CORPORATION,

    Plaintiff,

vs.

CRYSTAL NUSOM,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE came before the Court upon Plaintiff's Motion to Dismiss Defendant Nusom's Counterclaim **(D.E. No. 18)**, filed on **October 5, 2010**. Plaintiff Lady of America Franchise Corporation argues that this Court should grant its motion to dismiss because the Counterclaim fails to attach the necessary and indispensable party, Defendant Chira Page. Defendant Crystal Nusom contends that Page assigned her rights and claims in this matter to Nusom. The issue of assignment is in doubt. Because the Court finds that it must consider the interests of Defendant Page, it is improper to proceed solely on Nusom's representation there is an assignment when the assignment's validity is challenged. Therefore, Plaintiff's Motion to Dismiss is GRANTED. Nusom's Counterclaim is dismissed without prejudice.

## FACTUAL BACKGROUND

Plaintiff, Lady of America Franchise Corporation ("LOAFC") filed a two-count Amended Complaint on August 12, 2010. The complaint's first count alleged Defendants Chira Page and Crystal Nusom failed to meet the terms of their franchise agreement. Plaintiff seeks actual and

compensatory damages, attorneys' fees and lost future royalty payments and advertising contributions as a result of Defendants' suspending business operations and discontinuing payments. The second count alleged Defendant Nusom misappropriated LOAFC's Propriety Information for distribution to third-parties. Plaintiff attached two exhibits to the Amended Complaint, the Franchise Agreement and an Amendment to the Franchise Agreement. Both exhibits are signed by Page, Nusom and the president of LOAFC.

Defendant Nusom filed an Answer and Counterclaim on September 17, 2010. The Counterclaim asserted nine causes of actions, including two violations of California Franchise Investment Law, violation of California Unfair Trade Practices Law, violation of the Florida Deceptive and Unfair Trade Practices Act, violation of the Florida Franchise Act, fraudulent misrepresentation, negligent misrepresentation, negligence and fraud by silence. Nusom's Counterclaim explained that "Defendant Page has assigned all her rights, claims and causes of action" to Nusom. LOAFC filed a Motion to Dismiss the Counterclaim on October 5, 2010. In it, LOAFC argued that Page is a necessary and indispensable party and because she was not joined, the Counterclaim should be dismissed. Nusom responded that Page assigned all rights, claims and causes of action to Nusom.

The Court dismissed LOAFC's case against Page for failure to effectuate service on her pursuant to Federal Rule of Civil Procedure 4(m).

## **DISCUSSION**

The issue argued by both parties first in their pleadings is whether Nusom was properly assigned Page's claim or whether Page was not properly joined.

The standard for deciding if there is failure to join a necessary and indispensable party is

found in Federal Rule of Civ. P. 19(a). The "necessary party" test requires one of two determinations to find a party is necessary. First, a party must be joined if "in that person's absence the court cannot accord complete relief among existing parties." Or, second, a party must be joined if "that person claims an interest in the subject matter of the action." *Fed. R. Civ. P. 19(a)(1)*.

LOAFC does not specify which type of necessary party Page is, only that she is a necessary party. LOAFC argues it risks facing multiple liabilities if Page were to bring a claim after a judgment for Nusom. The possibility of duplicative litigation is enough to categorize Page as a necessary party since her absence could "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." *Fed. R. Civ. P. 19(a)(1)*.

Nusom does not argue that Page cannot or should not be joined. Instead, Nusom continually asserts that Page need not be joined as a party because she has assigned all of her rights.

Nusom's argument forestalls the Court's need to determine whether, under subsection (b) of Rule 19, the action should be dismissed or should proceed in the absence of Page. Instead, the necessary determination is whether Nusom's explanation of an assignment is enough to proceed. LOAFC contends it is not.

The Amended Complaint was filed with the Franchise Agreement. That Agreement was signed by Page, Nusom and the President of LOAFC, Roger Wittenberns. When ruling on a motion to dismiss, the Court may consider documents attached to the complaint. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). The Franchise Agreement not only

supports the argument that Page is a necessary party, but also challenges Nusom's contention that Page assigned all rights on the matter to Nusom. The Franchise Agreement provided by LOAFC makes explicit why Page is a necessary party. Nusom's response does not provide enough detail as to why Page is no longer a necessary party.

The validity of the assignment is in question. LOAFC makes a point of noting the assignment is absent when it could cure the question of Page's necessity. Nusom argues that as assignee she is the only party of interest and pursuant to Federal Rule of Civ. P. Rule 12(b)(6), the Court must accept as true all well-pleaded allegations. This response does not lessen the risk to the parties in the same way an attachment of the assignment document could. LOAFC's Reply argues that the Franchise Agreement controls and the unsupported allegation of assignment need not be credited by the Court in the face of contradictory documentation. LOAFC supports this position with case law addressing complaints that fail to attach the primary instrument on which the complaints are based.

Where a question is raised as to the validity of an assignment, "the party that relies on the assignment has the burden of proving its existence and validity." *Simon v. Shearson Lehman Bros., Inc.*, 895 F.2d 1304, 1321 (11th Cir.1990). The validity or existence of assignment must be proven by the assigner when the opposing party, by general challenge or specific attack, denies the assignment's existence or validity. *Id.*

Given the potential impact on the interests of Defendant Page and LOAFC's challenge to the assignment of Page's rights, proceeding on the Counterclaim's language alone is improper at this time. The absence of proof does not make Nusom's pleadings untrue but it does make them susceptible to a challenge over assignment. The facts must be considered not only in light most

favorable to Nusom, but also in light of the pleadings, their attachments and the interests of all parties.

## CONCLUSION

In accordance with the foregoing, it is

**ADJUDGED** that Lady of America's Motion to Dismiss Defendant Nusom's Counterclaim is GRANTED.

**ADJUDGED** that Defendant Nusom's Counterclaim is dismissed without prejudice.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of June, 2011.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record